The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. All right. Be seated, please. All right. What we're going to hear this afternoon is United States v. White, and Mr. Schultz, we'll hear from you. Thank you, Your Honor, and may it please the Court, Benjamin Schultz on behalf of the United States. Section 4248 is clear. Once an individual is certified sexually dangerous, the district court's task is to hold a hearing and at that hearing determine whether or not the government has proven by clear and convincing evidence that the person is, in fact, sexually dangerous. There is no exception in the statute by which the district court can forego that necessary hearing and determination simply because an individual is incompetent, and there is no provision either in which a certain category of incompetent individuals would also be except from that. Now, the district court in this case somehow concluded that the statute does create such an exception, and it concluded that based on the idea that it had the power to order an expert report. As I read the Respondent's brief in this case, the Respondent has essentially abandoned that argument entirely, recognizing, as we point out in our opening brief, that whether or not the district court has the power to order a hearing as to the individual's competency doesn't determine the question as to whether or not incompetency is actually a defense to the statute. And so at that point, what this case just reduces to is Petitioner's statutory argument that there's some inherent idea that incompetency can be a defense in certain circumstances. And I think our reply brief explains why, if you try and locate that inherent right under the idea that the procedural protections in the statute won't be meaningful unless an individual is competent, that just doesn't make sense. Because simply showing that those procedural protections may not be quite as effective as they would be in a case where the individual is competent doesn't mean that those procedural protections are entirely devoid of all meaning. Well, more critically, one of the elements of detention is that the defendant or the person being subject of the hearing is mentally incompetent. And so if they show that as an element of detention and then say, because he's mentally incompetent, we can't have the hearing, it's a little bit of a non-sequitur. It destroys its own self. I think that's exactly right. Section 4248A lists three categories of individuals who are subject to certification under this statute. And one of those categories is individuals who have been found mentally incompetent under Section 4241, and that's precisely the case that we have here. If there are further questions about the statutory argument, I'd be happy to address them. Otherwise, I'll proceed to the district court's alternative constitutional holding. And in explaining why the district court's constitutional holding was wrong, we think it's important to recognize that the Supreme Court has endorsed the idea that once an individual is found mentally incompetent to stand trial, it is the case that you may then constitutionally commit that individual as a dangerous individual, even if that individual has never actually stood trial. And you can see that in the Jackson v. Indiana case, where the court approvingly cites the Greenwood case, which had happened 20 years earlier. I guess the problem with that is, in this case, the basis is underlying mental health issues. The slight mental retardation doesn't necessarily make him dangerous, does it? Your Honor, all that we're asking for in this case is the opportunity to show at a hearing that this individual meets the criteria for sexual dangerousness. The problem with what the district court did was that before we ever got to the hearing, the district court concluded that because the individual was mentally incompetent, there would be no opportunity for the government to even present its case, and it dismissed the case. If the case were remanded, we would present our evidence, and then the factfinder would have the opportunity to conclude either that he is or is not sexually dangerous. And the concern on behalf of Mr. White is that he's hampered, essentially, would at least have one, perhaps two hands tied behind his back, because he's in no position as a result of his mental health to contest what is going to inherently be a very factual determination with respect to that first element in any event. Well, Your Honor, I have a couple of responses, and I want to make sure I get all of them out. First of all, if that were his position, it's hard to distinguish his position between just restricting it to Section 4248 cases where the first element is being contested and any civil commitment case. There's always going to be some cases in which factual matter is at issue. Indeed, you can imagine that if the government had proceeded against Mr. White under Section 4246 rather than under Section 4248, it seems very likely that one of his defenses would be all of these experts that think that I'm dangerous are wrong because they're basing their expert analysis on the assumption that I've committed all of these past infractions. And so it seems very likely that under 4246, you would have a very similar kind of factual inquiry. And it makes no sense to think that simply because it's a formal element in the Section 4248 case but not a formal element in the Section 4246 case, that that distinction has some sort of constitutional significance. But the other — the next point that I want to make is that in thinking — Well, Judge Diaz, his point is a serious one. I mean, that's the fundamental reason we don't put people on trial who are mentally incompetent. But we have a — in this circumstance, we have a unique problem of determining whether somebody is mentally incompetent and based — because he's mentally incompetent, is sexually dangerous and satisfying those elements. And the hypothetical that I've been thinking of that troubles me about this, and I'll ask both sides this, is if you have a person who has committed rape three times, he's mentally incompetent, he can't stay in trial, he's not stood trial in the three rape cases, and the government proceeds under this statute to remove him from society because he's clearly — whenever he gets a chance, he rapes a woman. And the answer, I think, is this is a very special circumstance where Congress is just heaped on all the protections that they can. In this case, we have a guardian ad litem. We have an attorney. We have — attorney can cross-examine, call witnesses. We have yearly reviews. We have habeas corpus review. And — but we don't have the assistance of the defendant because he's mentally incompetent. But we also know if we don't conduct the hearing and confine him, he's going to rape again. And we can't try him for rape, and so he has no convictions for rape. So what the government's going to have to do is to bring in the three women who were raped and prove it to the court that he did it, as a factual matter, by clear and convincing evidence. That's the other aspect Congress put in, the clear and convincing evidence. So it's not a slam dunk. It's a very difficult thing. This is one of the diciest areas of the law, to have the State convince somebody without the commission of a crime. But it's probably necessary, and it's a policy of Congress. And the question is, does it withstand due process clause? And if this one doesn't stand, then almost all of them won't stand because the statute doesn't — isn't based on whether there's a fact history that's at issue or a mental issue that's at issue. It lists the elements and imposes the elements on the government by clear and convincing evidence. And so it's a wide-ranging problem, and it sort of provides almost an exception as to why we don't try people who are insane. We don't — as a matter of due process, we don't put people on trial who can't help in their defense. Yet we're going to put them in a hearing here where he can't help in his hearing. But we have — the problem is that's one of the elements of the things. He's insane and he's a danger to society if it's proved by the government. I think Your Honor is exactly right, and that is an important point, which is that we do have a heavy burden and we do have to meet it. And we have to be enormously cautious in this area, I think. And, Your Honor, there's no question that there are procedural due process rules and there are some things that the Supreme Court and this Court have found inappropriate and there are other things that the Supreme Court and this Court have found appropriate. And in our view, this would fall on the appropriate side of the line. And one of the reasons why I think it's important to think about that is if you go back to this Court's decision in Comstock, and I'm referring to the post-remand Comstock opinion from this Court, this Court explained that in the context of a Section 4248 case, what the prior conduct element is doing in the statute is it's not something that is important because we want to punish someone for their past criminal behavior. What it really is is it's part of the evidentiary burden that the government has to meet in order to show that someone has a mental, a serious mental condition that causes them serious difficulty in refraining from committing sexually violent acts. And once you accept the idea that all that the prior conduct element is doing is it's part of the evidentiary showing of mental illness and dangerousness, I think all of the idea that you can somehow single out this unique element and say that it creates a different constitutional rule falls by the wayside. And, indeed, that's what the Court held in Comstock. It refused to create a special due process rule for that element and instead treated it as essentially the same as the other two elements for due process. Kennedy. Mr. Schultz, if I remember correctly, one of the Petitioners in that Comstock remand was a fellow by the name of Catrone where it was suggested that he — it isn't entirely clear, but there's some indication in the opinion that he felt — he felt within the very same set of facts that we're dealing with here. And Judge Motz in that opinion suggested that, as you pointed out, that we're not criminally punishing someone but simply engaging in an evidentiary finding with respect to prior misconduct, which doesn't even have to be criminal misconduct, right, under the terms of the statute. I think that's exactly right. And Your Honor is correct that there were five individuals at issue in the Comstock case, one of whom was Mr. Catrone, who was found mentally incompetent to stand trial and was then subject to a 4248 commitment proceeding. Do we know what happened to him? I believe that for reasons that are not fully explained in the record, the government eventually pursued a case under 4246, and then that individual was committed under 4246. My understanding is that he was then ultimately released, but then reoffended. And then he was back — I believe he was then again found incompetent to stand trial and then was again committed, again, I believe under Section 4246. One of the concerns that I have in this case is you emphasize, and I guess it's appropriate to do this, that Mr. White has a guardian ad litem appointed to assist him. And I get that. I guess he, as I understand it, he's a lawyer and can certainly be helpful to Mr. White. But the reality is he's in no better position than anyone to go back and historically determine or not determine exactly what happened here, and certainly in no better position than White would be but for his mental health issues. Your Honor, I think our point is not that the guardian is a perfect substitute for a competent individual, but rather that the guardian does provide an additional measure of protection. And some of the things that the guardian can do that Mr. White might not be able to do without the guardian is that the guardian can help make strategic decisions and can help the Respondent's Counsel decide how to prioritize various strategies in the case. Our overall point is not that a competent individual is equally effective as an advocate as an incompetent individual. Our point instead is that the procedural protections that Congress created are sufficient for due process purposes, particularly when you consider the risk of having to release someone who would be essentially unprosecutable if we can meet our burden. And that's, again, all that we're asking here is just the opportunity to show at a hearing that this individual is sexually dangerous. And if we can't meet that burden, then Mr. White will be released. I think you agree that the relevant test here is the Matthews v. Elridge balancing test? We do agree with that, although with the important caveat that the Supreme Court in Matthews, again, and then the Supreme Court again in Parham v. J.R., and then this court in the United States v. Baker all explain that when you think about the risk of error prong of the Matthews v. Eldridge test, the relevant test is not what is the risk of error in some unusual and unique case that you can imagine. The question is, are the procedures pretty good in reducing the risk of error in the mine run of cases? And I think that's an important point because one of the things that the District Court did in this case is emphasize how unusual it thought this case was, and then it created special due process rules for this perceived to be unusual case. And legally, that's just not the right approach. As a distinction from punishment, putting somebody in jail for a term, this statute also has a review process, a regular review process, doesn't it, where his custodians have to report his condition and also offer him an opportunity if things are going better to file habeas. And he theoretically can get out at any time as long as he can overcome the danger to society based on his mental illness. Your Honor, that's exactly right. And in many ways, this case parallels United States v. Greenwood, where the Supreme Court made the point that even if you thought that that individual was never going to regain mental competency, it still didn't mean that commitment was permanent because the individual would have the opportunity to show that something had changed such that they were no longer dangerous. And that was a very important protection. I mean, the one limitation we have is the one that Judge Diaz is questioning about. He can't help because of his incompetence. But it's the very same incompetence that makes him dangerous to society if you carry your burden of proof. And I think that was something that this Court recognized in Comstock. But Judge Devereux, as I recall, and Mr. Deloro makes the same point, is that given his particular circumstances, that is, that he's incompetent and suffers from very serious mental health issues, that one of the bases for seeking discharge in a case like this is being treated for the condition at issue. And she makes the point, and I think Judge Devereux made the point as well, that that's not a very likely scenario in this case given his mental health situation. But is there any evidence in the record one way or the other on that issue? Yoner, I don't – I'm not aware of evidence that says that he would be susceptible to treatment. We do know that he was found incompetent and that he was found unlikely to ever regain that competence. I see my time is up. I don't know, Your Honor. You can answer his question. Sure. I will point out that, again, I think in many ways this case is like United States versus Greenwood, where the Court – the only point that the Court was making in Greenwood was that even if you didn't think that the individual's mental condition would ever change, whether or not that condition rendered him dangerous might be something that would change. And our only point is that this is not necessarily a permanent incarceration. And we don't know what advances will be made in medicine, and we don't know what will happen to his condition. And all we know is that if he can show that he's not dangerous anymore, he will be entitled to release. All right. Thank you. Ms. DeLauro. Good afternoon. May it please the Court. Jackie DeLauro for Oliver White. Your Honors, Judge Devers' holding in this case is exceedingly narrow, and I'd like to return to a question that Judge Niemeyer posed to my friend on the other side. Being incompetent is not, in fact, an element of the 4248 statute. Incompetence is one mechanism by which a person could be subject to both Section 4248 and 4246. But we know that there are a number of circumstances where people are subject only to 4246 and not to 4248. Let's stick with 4248. Isn't it an element that he has to have a mental illness that creates sexual dangerousness that he can't? It's an element that he needs to have a mental illness, abnormality, or defect. Yeah. But very few of the people who've been certified under 4248 have, in fact, been incompetent. That has been a very limited subset. And, Judge Diaz, you asked about shame. I understand that, but the problem is you sort of end up biting your tail because take my hypothetical. Somebody who is incompetent, who is mentally ill, can't help himself in a defense. Every time he's out in the public, he rapes a woman, and he gets charged, and he never goes to trial because he can't stand trial. Now, we have three charges, no convictions, and a 4248 proceeding. And if we were to apply the rule that he can't help himself in that case, therefore we can't subject him to the hearing, then the alternative is to release him to the public, and that's exactly what 4248 was designed to avoid. Your Honor, in that ---- Congress wants to take that particular person who's raped somebody three times and is mentally ill and mentally incompetent and can't stand trial. It's a very narrow area, but it's very dicey in the sense that when somebody hasn't committed a crime and we're still confining them, removing them from society, we have to have good reasons, and we have to be pretty sure ourselves. Absolutely. And the Congress went through with all these procedures. They need clear and convincing evidence. You have to have an attorney. You have to have an attorney appointed. You can't waive that. You have to have an attorney appointed. He gets to cross-examine and have witnesses and have a hearing and that type of thing. You don't have his assistance, and that's recognized. And there is a risk of error, but then there are those compensating factors that it's subject to review on a regular basis. It's subject to habeas and so forth. And the question is, is there any other protection that Congress could have provided less than releasing him to the society? So in that case, Your Honor, the government could pursue 4246 commitment. Forget 4246. 4248 is what we're having, which is sexual dangerousness, and they have to demonstrate under sexual demonstrate those elements. And my question to you is if the man is incompetent to help defend himself, then we would have to release him back to society, right? He could not be committed under 4248. But I do believe he'd be a perfect candidate for 4246. And the government could prove in that case, by clearing convincing evidence, that he would pose a substantial risk of bodily injury to another person. What about in this case? I'm sorry. What about in this case? In this case, all six evaluators have concluded that Mr. White does not meet the criteria of dangerousness under 4248. 46, excuse me. And Judge Waters in Montana conducted a 46 hearing and reached the same conclusion. And I think if the government believes that it has an interest in people who it thinks it can't meet the statutory standard under 4246 and it can't meet the statutory or constitutional standard under 4248, that is a legislative problem. And that means that there is a gap in coverage that the government can go to. Well, what happens under 4246 if the man is incompetent and can't assist in the hearing? In that case, it can proceed because there is, unlike in 4248, there is no prior conduct element. Except statute doesn't make any distinction. Statute just creates the elements. And the statute said if in the past he has created sexual misconduct or abuse of children, that's an element that's created. But the other, in 4246, he has to be dangerous, right? He does need to be dangerous, but there is no prior conduct element. In the abstract, you have to show something historically to prove danger. Not necessarily. How are you going to prove it without anything historical? No evidence historically. Even if there could be some conduct while the person is in the federal prison, that happens in many cases because it's pegged directly to the release date. But Congress saw fit to establish a unique new element in 4248 that does not exist in 4246. So you think 4248 is unconstitutional? No. We have not raised a facial challenge to the statute. I understand, but how do we go forward? In other words, since every case has to prove the element, the factual element. Yes. Every case has to prove it. The only thing that Judge Devereux did is he said, I normally have a prior criminal conviction to prove it, and that makes me satisfied. But the statute doesn't make that distinction. The statute says if there's a past fact that demonstrates he has committed these violations, these infractions, that's what Congress voted on. And so he would be holding it unconstitutional unless the fact can be established by a prior conviction. No, I don't think that's right. I think Judge Devereux was applying that criteria in this case alone because a prior criminal conviction necessarily means that conduct has been proven beyond a reasonable doubt. I understand. That's easy. That makes it easy. That's the way most cases come up. That's right. And he pointed that out. That's right. But here, my hypothetical in this case is he's been charged several times, but he can't stand trial because of his mental incompetence. That's right. And that's because of a judgment. And in my hypothetical, you have three rapes that he can't stand trial for. Now, that means under that circumstance, it's unconstitutional. You can't detain him. Under 4248. Yeah. And other remedies do exist. That's your argument, right? Absolutely. And I think that where Congress has set forth elements to be proven by a certain standard Help me understand under Matthews. I mean, you know, we don't want to be overly formalistic about this, but it seems like to me in both 4248 and 4246, in many, not every, I understand that's your argument, but in many cases under 4246, there's going to be evidence of historic actions, right? And so it seems like the necessary corollary of your argument is in those scenarios, that too would be unconstitutional because he's not able to assist in dealing with those factual issues. It can't possibly be that the due process turns on whether it's an element or whether it's evidence to support an ultimate conclusion, which is what it is in 4246. I mean, the same inquiry is at issue. Can this person assist in his defense? It seems like his inability affects both of those equally. I don't think it's equal, Your Honor. I think procedural due process is a floor, and in this case where it's an element of the statute, and I think that's because the second and third elements of 4248 are more amorphous than they are in 4246. But that's your distinction is that it's because it's an element. In a 4246 case where, as often is the case, the experts rely upon his prior actions in order to reach their conclusion, you would say, well, that's different because even though he can't assist in defeating those, the word element makes the difference. Because I think the risk of erroneous deprivation is lower because the standards at prong 2 and prong 3 of 426 are more narrowly drawn than in 4248. So in 4246, you have to have a mental disease or defect as a result of which you would pose a substantial risk of bodily injury to a person or serious damage to property. Well, his hypothetical goes to the circumstance, and he's saying there are a bunch of them where the only way they can prove that is by looking at past conduct. And so you're saying that 4246 can't be applied if you have to look at past conduct. I think it can be applied. I think there may be additional procedures that a judge might see fit to include in such a proceeding, whether it's additional time to investigate claims or something like that. But it's fundamentally different. You could say that about 4248, right? That doesn't help you. You don't want to do that. Because then you just say, oh, well, 4248 would be constitutional if they gave them additional time to investigate. I mean, I don't think that's your argument. I think your argument, and I'm not sure why you're running from it so hard, is that, yes, 4248 can't do it this way. 4246 can't do it there either. If we've got truly incompetent people, they need to be in society, right? And they need to not be detained. I mean, I understand that argument. What I don't understand is your argument, which is, well, it matters if they're an element, but it doesn't matter if they're evidence to establish an element. I think that Congress made the difference. This is not a difference that we're imposing. And so when Congress has— Yeah, but the due process question is not formalistic based on the name we give to something. It's not a label-driven issue. Like, Matthews v. Eldridge looks at the actual substance. And in both cases, we're talking about evidence of prior action, one that supports a conclusion that's an element, and one that is the element itself. That seems to me totally a distinction without a difference. And so I can't understand how you can have both of them. I think you can say they both go or neither go. I don't understand a world in which you say 4248 is the problem, but 4246, we're relying, in those cases at least, that are relying on the exact same evidence that you contend is wholly unreliable absent the ability of the individual to contest them. They've got to both go. And I think the distinction I'm relying on is coming from Addington, which is where the Supreme Court made a distinction between looking at prior historical factual conduct and allegations and looking at issues like the second and third elements of 4246, where it's really experts evaluating the significance of facts in a particular case. And there the idea is that the risk of erroneous deprivation is lower and it can constitutionally proceed. Of course, in the ideal world we wouldn't have proceedings like this against an incompetent person, but I think there's a recognition of the difference between the types of elements. In an ideal world, that just depends on whether you've got little girls that are nearby. It's hard to say what is an ideal world in that context, because your world is they go free, and that may be necessary. I'm not sure I'd call that the ideal world, though. I think it's the world that Congress created. And so if there is a gap in statutory coverage— Congress clearly didn't create an idea that somebody who's mentally incompetent and sexually dangerous goes free. Congress wanted that person confined until the dangerousness is lifted. If the dangerousness has been proven. Of course, but I'm taking it as an ultimate conclusion. In other words, Congress did not want a mentally incompetent person who is sexually dangerous in society. They did not want that person. And so under your argument, they get caught under the conundrum where because they're mentally incompetent, they can never have a hearing under 4248 and therefore are out in society. Yet that's the very problem that they're trying to address, a mentally incompetent person who commits sexual acts and can't be stopped. Even when someone is charged with murder and they are deemed incompetent to stand trial, the judge's next question is not, let me take a peek at the government's evidence and see how much there is. The decision has been made that such a proceeding would be so fundamentally unfair that it cannot go forward because one side is going to be— As a matter of due process, we do not convict people who are mentally incompetent. But that doesn't mean that we can't remove somebody who's dangerous to society who's mentally incompetent. In other words, we can devise a scheme to remove people from society as long as they continue to be dangerous. And there are a lot of contingencies, and that surely is in— But you're basically saying Congress must set mentally incompetent people free regardless how dangerous they are to society, whether it's under 46 or 48. No, I don't think that's right. And I do think the practical consequences to Judge Dever are enormous in the sense that I don't know how he can conduct a constitutional proceeding against Mr. White. Mr. White has a right to testify. He has been determined by many experts to parent words that have been told to him, to mimic things he's heard before, to say things without regard to whether he has personal knowledge of them or not. That testimony is so inherently defective that his right to testify is completely derived— A man has raped three women, and the three women are willing to come in to testify. They come into court and they testify to the rape. The man can't help himself. He can't testify. He's incompetent. So your alternative in that case, or your argument, leads inevitably that man has to go on the street. I think the government could pursue a 46 commitment. Yes or no? No, I believe the government could pursue a 46 commitment. Why? Because there is no prior conduct element in 42-46. And so the government would be using that— 48. 48. I'm under 48. Under 48, it couldn't proceed because you couldn't have a constitutionally fair proceeding. Well, even under 46, if the experts have to rely on the three rapes to conclude he's dangerous, he can't help himself on those either. I think then you're in the situation that this Court was dealing with in Comstock when it was addressing the facial constitutionality of the Adam Walsh Act and saying that, you know, when you are not—when you're looking at the second and third prongs and you have already established the first, you are only looking at experts. The first—the prior conduct is used in service as a factor to be considered in the second and third elements. Well, it is, but if the slate is blank except for prior conduct, and we have those types of cases. In other words, sometimes we have confessions that oftentimes they confess to the people who are talking to them. Oftentimes we have convictions. Those cases you're saying that doesn't raise a significant problem, although the statute doesn't make that distinction. But in the circumstances, in the given circumstances where historical facts are necessary for the experts, your alternative is to set them free. And I guess you don't like to face the policy issue that that's true, but that is inevitably where your argument leads, is the three-time rapist who's incompetent is going to be on the street. No, Your Honor. We can't do a thing about him. We can't charge him criminally. We can't confine him. And he's just going to keep raping women. No, Judge Devereux was very clear on this point, which is that 46 is family. No, I wanted you to answer my hypothetical. In the hypothetical, the government could proceed under 42-46, and he would not go free. The only evidence is the past conduct. That's my hypothetical. Under 46 or 48. But it's a factor to be considered in the experts' evaluations. It's not a standalone element. But isn't it ultimately in 48 also a factor to be considered as part of the overall burden of proof with respect to the government's evidence? I don't think so, Your Honor, because Congress set this aside. I mean, you want to compartmentalize this because the statute, I guess, does the same. But in Comstock, on remand, Judge Motz made it very clear that, you know, part of this issue with respect to the first element is not to affix criminal culpability but to set out the necessary background facts to determine whether or not those facts, along with expert testimony, support a finding of dangerousness. In that sense, it's a little bit different, isn't it, than, you know, a rigid separation of elements? I don't think so because Congress was clear to set it aside and to require that the government prove it. But you think they set it aside just for this case? I don't think so. I think they set it aside because they believed it was important. They were clearly legislating against the backdrop both of 42-46, which does not contain a prior conduct element, and against the Supreme Court's long line of cases saying that competence is rudimentary to the exercise of these rights that we're going to be giving. In a criminal trial? It's been decided in a criminal trial, but those rights were given by Congress also to Respondents in a 42-48 case. And as in a criminal trial, this case would involve, and I would urge you as you're considering the case to put yourself in Judge Stever's shoes and to imagine how he can conduct a proceeding that reaches a reliable answer on the first problem, which he must do. The way you conduct a proceeding is not perfect. It's not perfect. It's the best they can do to attain the policy. The question is, does that violate due process? And the biggest defect is the risk of a false containing. But those risks are mitigated in this case as opposed to a false conviction where somebody gets a term of punishment. Here, you can constantly review the facts. You can constantly review a subjective person's efforts to try to cure the mental illness. It may not occur, but at least you constantly have that as an open issue. It's a little bit like civil contempt. You have the keys to the door. Now, of course, a mentally incompetent person doesn't have the keys because he's mentally incompetent. That's right, and that's a critical distinction Judge Stever made. But the question is, does society have its hands tied from the person who is dangerous to society and is mentally incompetent because of that? Excuse me, vice versa. He's mentally incompetent and therefore dangerous to society. Does that person have to be on the street because he can't assist in describing the historical facts? When other people can clearly do so, the rapist, the three rapists can come in. Now, he said, I can't deny it, but we can make judgments about that. The three women come in, and they all describe the rape in detail, and the judge says, I need clear and convincing evidence about this. This is a very serious matter. But if that were enough, Your Honor, in a very serious charge, say a murder case, wouldn't then the answer be that there would have to be, you know, the government could bring witnesses to testify, and the judge could make a close enough determination? As such, we have a higher level of process that we require in a criminal conviction where there's a penalty imposed. This is an effort to merely remove somebody from society to the extent necessary. And if it turns out that that can be mitigated, he gets relief. He's not being punished. He's being incapacitated because of danger. And society has to be able to handle that type of situation. And that's what Congress did here. That's what Congress did also in 42-46, which remains available. And I think it's important to recognize that because Mr. White is incompetent, he's not able to do that. Well, let me ask you something. Because 46 is available, does that mean 48 is unconstitutional? No. We've not raised, again, a facial challenge to 48. No, you've raised a due process issue. We have. Yeah. And this has arisen only once in 13 years. And we cited four cases in our brief where the government was faced with an incompetent respondent and chose to proceed under 42-46. And those individuals were committed. So it's not as though the government is without a remedy. I also want to point out again that if someone is incompetent and committed under 42-48, they cannot meet the plausibility standard this court set forth in McLaren. And their detention becomes connected to their incompetence rather than to their dangerousness because they can't prove otherwise. And that's something that Congress never authorized. Why do you say that? What do you mean by that? I say that because if Mr. White or someone in his position were to be committed, he would not be capable of participating in the treatment program. He could not make the plausible claim for relief showing. Is that in the record? That his mental condition is untreatable. Or would not prevent him from being treated? Judge Dever explained that he would not be able to participate in talk therapy. I mean, he said that, but is that in the record? Is there evidence to support that? There are experts who refer to his inability to respond to medication. He's not on any medication. He suffers from fetal alcohol syndrome and from intellectual disability. He has an IQ of 54 to 56. And so when the program is about talk therapy, both in individual and group settings, this is the person who – But, you know, on the factual questions, he's not denied of all the ability. You sort of make it sound like it's a one-way street. His attorneys can do all the cross-examination. They can bring their own evidence. They can investigate to find people who would help the defendant. And they have the standard of proof. They have decisions being made by a guardian. It seems to me he can't testify, and that's putting an arm behind his back. But he's still got an arm. He's still got his counsel. He's still got investigations. He's still got subpoena power. He's still got cross-examination. And we're going to have to be pretty sure on the government's proof in that type of circumstance because of the defect. But the question is, does that defect render the statute unconstitutional as it applies to this man? And I strongly believe so because he – Well, I understand you do. You make a good, powerful argument. Thank you. If there are no further questions, we ask the Court to affirm. Thank you. Mr. Schultz. Thank you, Your Honor. I think Respondent's counsel's argument makes clear that, to a large degree, their argument depends on trying to create some sort of distinction between their constitutional rule in the 4248 case and their constitutional rule in the 4246 case. We don't think that distinction is viable either as a matter of logic or in light of this Court's opinion in Comstock where the Court explained that all that the first element is doing in a 4248 case is that it's part of the evidence that the government needs to show in order to show that someone has a mental condition that causes danger. So at that point, I think their distinction between 4246 and 4248 really slips away. And what you're left with is the government's very significant interest in ensuring that someone who is mentally incompetent and yet very dangerous can be put into a situation where the public can be protected, subject, of course, to all of the procedural protections that are implicit – I'm sorry, that are explicit in the statute. If the Court has no further questions, I think we'll rest on our briefs. All right. Thank you, Mr. Schultz. We'll adjourn until tomorrow morning and then come down and greet counsel. This honorable Court stands adjourned until tomorrow morning at 8.30. God save the United States and this honorable Court.
judges: Paul V. Niemeyer, Albert Diaz, Julius N. Richardson